| | |
|---|---|
| 1  KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP<br>    DALE F. KINSELLA (SBN 063370)<br>2    dkinsella@kwikalaw.com<br>    GREGORY S. GABRIEL (SBN 239902)<br>3    ggabriel@kwikalaw.com<br>    808 Wilshire Boulevard, 3rd Floor<br>4  Santa Monica, California 90401<br>    Telephone: 310.566.9800<br>5  Facsimile: 310.566.9850 | <br><br>NOTE CHANGES MADE BY THE COURT |

6  Attorneys for Plaintiffs

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 10  DAVID MANDEL, an individual;<br>    REZA ROFOUGARAN, an individual;<br>11  CARLCOM INVESTMENTS, LTD., a<br>    Canadian Corporation; JUDICREST<br>12  HOLDINGS, INC., a Canadian<br>    Corporation; ROSSFIELD<br>13  INVESTMENTS, LTD., a Canadian<br>    Corporation,<br>14<br>          Plaintiffs,<br>15<br>    vs.<br>16<br>    STATE STREET BANK AND TRUST<br>17  COMPANY, a Delaware Corporation;<br>    and Does 1 to 10, inclusive,<br>18<br>          Defendants.<br>19<br>    STATE STREET BANK AND TRUST<br>20  COMPANY, a Delaware Corporation,<br>21        Counter-Claimant,<br>22  vs.<br>23  DAVID MANDEL, an individual;<br>    REZA ROFOUGARAN, an individual;<br>24  CARLCOM INVESTMENTS, LTD., a<br>    Canadian Corporation; JUDICREST<br>25  HOLDINGS, INC., a Canadian<br>    Corporation; ROSSFIELD<br>26  INVESTMENTS, LTD., a Canadian<br>    Corporation,<br>27<br>          Counter-Defendants<br>28 | CASE NO. 09-cv-01797 SJO – SS<br><br>[~~PROPOSED~~] ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER<br><br>Trial Date:    February 23, 2010<br><br>All future discovery filings shall include the following language on the cover page:<br>"[Referred to Magistrate Judge Suzanne H. Segal]" |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10344./46668.1

[PROPOSED] ORDER

THE COURT, HAVING READ THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING THEREFORE, NOW ORDERS AS FOLLOWS:

1. The following procedure shall govern the production of all materials during discovery in this action by any Party (the words "Party" or "Parties" are used herein to refer to Plaintiffs David Mandel, Reza Rofougaran, and Carlcom Investments, Ltd., Former Plaintiffs Judicrest Holdings, Inc. and Rossfield Investments, Ltd., as well as Defendant State Street Bank and Trust) including, but not limited to, answers to interrogatories and requests for admissions, all documents produced by Parties or third parties, responses to subpoenas duces tecum, deposition testimony, and information contained therein, and information provided during any settlement discussions (hereinafter collectively the "Discovery Materials") that are and designated as "CONFIDENTIAL" pursuant to this Protective Order, including all copies, excerpts, summaries and information derived from them (collectively, "Confidential Materials"). *SAS described in the good cause statement*

2. Any Party or third party producing Discovery Materials may designate Discovery Materials as "CONFIDENTIAL."

    2.1  As a general guideline, information or materials designated as "CONFIDENTIAL" shall be *SAS described in the good cause statement* those things that may be disclosed to the Parties for the purposes of this litigation, but which must be protected against disclosure to third parties.

3. Any Party or third party who produces documents or computer media or gives testimony in this action may designate information as "CONFIDENTIAL" or in the following manner:

    3.1  <u>Designation of Documents</u>: Any "document" (defined herein as including, but not limited to exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admission, motions, briefs, memoranda, deposition or hearing transcripts and

oral answers to deposition questions, and copies of any of the foregoing) produced or given by any Party during discovery, hearings or trial in this case which sets forth or contains any "CONFIDENTIAL" information (as defined above) may be designated by a Party or other producing party with the notation that it is "CONFIDENTIAL" as appropriate. The notation "CONFIDENTIAL" shall be placed on every page of each document so designated. Documents that have been designated "CONFIDENTIAL" by agreement of the parties prior to the date of entry of this Order shall be deemed designated as Confidential Materials within the meaning of this paragraph regardless of whether such documents have been physically marked "CONFIDENTIAL."

      3.2   <u>Designation of Electronically Stored Information</u>: Any "CONFIDENTIAL" electronically stored information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" prior to production. Electronic or native documents or information shall be similarly labeled where practicable, and where not practicable, written notification by a producing Party that it is producing Discovery Materials as Confidential Materials shall suffice for treatment as provided herein for such categories. In the event a receiving Party generates any "hard copy" or printout from any such disks, or from any such electronic or native documents or information, that Party must immediately stamp each page "CONFIDENTIAL" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

      3.3   <u>Designation of Deposition Testimony</u>: Deposition testimony may be designated "CONFIDENTIAL" by oral designation on the record, or within twenty (20) days after the transcript of such deposition is made available to the designating Party. The person making the designation shall instruct the court reporter to separately bind the portions of the deposition transcript so designated, and to stamp the words "CONFIDENTIAL" on each page of the transcript as

1 appropriate. Pending expiration of this twenty (20) day period, all Parties shall treat
2 the testimony and exhibits as if such materials had been designated as
3 "CONFIDENTIAL."

    3.4  <u>For information produced in or on any other tangible items</u>: that the Producing Party affix in a prominent place on the exterior of the item in which the information is stored the words "CONFIDENTIAL"

4. A Party may, at any time, serve written notice of its objections to the designation of any Discovery Materials as Confidential Materials. The Parties shall then informally attempt to resolve their dispute. If they are unable to do so, the Party challenging the designation may bring a motion *PURSUANT TO LOCAL RULE 37* for an order that the *SHS* Discovery Materials at issue not be so designated. During the pendency of the motion, the Discovery Materials at issue shall be treated in accordance with their designation.

5. "CONFIDENTIAL" Materials shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose. The restrictions on use of Confidential Materials set forth in this Order shall survive the conclusion of the litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Order. Confidential materials may be disclosed to:

    5.1  Any attorney acting as counsel of record in this action, or retained or employed by any of the Parties, including in-house counsel of any Party;

    5.2  Paralegal, stenographic, clerical, secretarial personnel and outside copying services regularly employed by counsel listed in (a) above;

    5.3  Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action; and

    5.4  Any consultant or expert, not including a Party to this action, retained in connection with this action, provided that each such person first

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  acknowledges in writing, under oath, that he or she has read this Order and agrees to
2  be bound by its terms. This acknowledgment shall be made by execution of the
3  Undertaking attached to this Order as Exhibit A. All such written acknowledgments
4  shall be maintained by counsel making the disclosure of the Confidential Materials,
5  and shall be provided to the opposing Party's counsel at the conclusion of this
6  action.
7        5.5   A Party, any officer, director, employee or former employee of a
8  Party, or to any officer, director, employee or former employee of a parent,
9  subsidiary or affiliate of a Party, disclosure to whom counsel believes in good faith
10 is necessary to assist in the prosecution or defense of this action.
11     6.   Nothing contained in this Order shall preclude any Party at deposition
12 from showing any Confidential Materials or disclosing information derived
13 therefrom to any deponent where the deposing Party holds a good faith belief that
14 the Confidential Materials are reasonably related to the deponent's testimony.
15     7.   If any pleadings, documents, materials or exhibits using, referring to or
16 incorporating "CONFIDENTIAL" materials, are submitted to the Court for
17 consideration in relation to a motion or other filing, the designating party shall be
18 entitled to file an assented-to application to file the documents under seal in
19 accordance with Local Rule 79-5.1, setting forth an appropriate legal basis (e.g.,
20 good cause, compelling reason, etc.) for sealing the documents from the public
21 record. The lodging party shall give the designating party no fewer than three
22 business days notice of its intention to lodge confidential documents, listing the
23 documents to be lodged. Upon request from the designating party, the lodging party
24 shall lodge such documents with the Clerk of the Court in a sealed envelope
25 designated "Confidential – Subject to Protective Order" on its face. The designating
26 party may waive the status of CONFIDENTIAL information at any time by written
27 notice or electing to file such documents without sealing.
28     8.   This Order, the fact of its adoption or entry, and any provision of this

Order or form attached to this Order, shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce the terms of this Order.

9. Nothing in this Order (a) restricts the introduction at trial of any documents, testimony, or other evidence; (b) restricts the use of information obtained from sources other than discovery, motion practice, or voluntary disclosure of information by any Party conducted under the terms of this Order; or (c) prevents disclosure beyond the terms of the Order if the Party designating the Confidential Materials consents to such disclosure, or if the Court orders such disclosure.

10. A Party's use for any purpose of its own documents and other things, which it produces or discloses in this action, shall not be considered a violation of the Order.

11. No Party shall be responsible to another Party for any use made of information produced and not identified by the producing party as Confidential Materials in accordance with the provisions of this Stipulated Protective Order.

12. The inadvertent or unintentional disclosure by the producing Party of Confidential Materials shall not be deemed a waiver, in whole or in part, of the confidential nature of such material, and, if so designated at any time, the Confidential Materials so disclosed shall be governed by, and subject to, the terms of this Order.

13. Should any person bound hereby receive a subpoena, document request, civil investigation demand, or other process from a third party that may be construed to require the disclosure of Confidential Materials in any form, said person shall give notice immediately to the Party who designated the information that is sought.

14. The procedures set forth herein shall not affect the rights of the Parties to object to discovery on the grounds other than those related to the confidentiality of the documents, nor shall it relieve a Party of the necessity of proper responses or objections to discovery requests, nor shall it preclude any Party from seeking further

1  relief or protective orders from the Court as may be appropriate.

2      15.    Within sixty (60) days after the termination of this litigation and the
3  expiration of the time for appeal, all originals and copies of any documents
4  containing Confidential Materials, shall be returned to the Party who produced such
5  documents or destroyed, unless that Party otherwise agrees in writing.
6  Notwithstanding the foregoing, litigation counsel for each Party shall be entitled to
7  maintain one copy of all Confidential Materials for their respective files.

IT IS SO ORDERED

[signature]  DATED July 29, 2009

UNITED STATES DISTRICT JUDGE

SUZANNE H. SEGAL

*All future discovery filings shall include the following language on the cover page:*
*"[Referred to Magistrate Judge Suzanne H. Segal]"*

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850